Todd M. Friedman (SBN 216752)
Adrian R. Bacon (280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@ toddflaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWONESHA JOHNSON-HENDRICKS, individually and on behalf of all others similarly situated, | Case No. |
| | **CLASS ACTION** |
| Plaintiff, | **COMPLAINT FOR VIOLATIONS OF:** |
| vs. | 1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.] |
| HEALTH BENEFITS CENTER; STEVE DORFMAN; DOES 1-10, inclusive | 2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.] |
| Defendants. | **DEMAND FOR JURY TRIAL** |

Plaintiff, TWONESHA JOHNSON-HENDRICKS ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

///

///

## NATURE OF THE CASE

1.     Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Health Benefits Center, ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA"), thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2.     Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a resident of California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendants, a company with its principal place of business and State of Incorporation in Florida state.  Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction.  Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3.      Venue is proper in the United States District Court for the EASTERN District of California pursuant to *18 U.S.C.  1391(b)* and *18 U.S.C. § 1441(a)* because the Defendants do business within the state of California and the county of Los Angeles.

## PARTIES

4.     Plaintiff, TWONESHA JOHNSON-HENDRICKS ("Plaintiff"), is a natural person residing in Solano, California and is a "person" as defined by *47 U.S.C. § 153 (39).*

5.     Defendant, Health Benefits Center, ("Defendant Health Benefits Center"), is company engaged in the business health insurance, and is a "person" as defined by *47 U.S.C. § 153 (39).*

6.     Defendant, Steve Dorfman ("Defendant Dorfman ") is an individual who at all relevant times the owner of Defendant Health Benefits Center.  As president of Defendant Health Benefits Center, Defendant Dorfman  was responsible for the overall success of the company. Defendant Dorfman  materially participated in selling telephone information by occupying a position of critical importance to Defendant Health Benefits Center's business; as the president of Defendant Health Benefits Center, he exercised control over the affairs of the business; and he was regularly engaged, albeit more often indirectly than directly, in the sale of telephone information through his involvement in Defendant Health Benefits Center's affairs.  Defendant Dorfman continued to play a key role in maintaining and expanding Defendant Health Benefits Center's activities throughout the time in question.

7.     The above named Defendants, and their subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

8.     Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendant and was acting within the course and scope of said agency and/or

employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

9.      Beginning in or around October of 2015, Defendants contacted Plaintiff on her cellular telephone, phone number ending in -5828, in an attempt to solicit its services to Plaintiff.

10.     Defendants used an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a)(1)* to place its daily calls to Plaintiff. Between October 8, 2015 to October 20, 2015, Defendant placed at least twenty five (25) calls to Plaintiff's cellular telephone. Defendant often called from phone number 707-401-9758.

11.     Defendants' calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

12.     Defendants' calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

13.     Defendants never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

14.     Furthermore, Plaintiff has had her telephone number of continuously registered with the National Do Not Call Registry prior to being contacted by Defendant.

15.     Plaintiff has received numerous solicitation calls from Defendant within a 12-month period.

16.     Plaintiff did not have an established business relationship with Defendant during the time of the solicitation calls from Defendant.

17.     Despite this, Defendant continued to call Plaintiff in an attempt to

solicit its services and in violation of the National Do-Not-Call provisions of the TCPA thus repeatedly violating Plaintiff's privacy.

## **CLASS ALLEGATIONS**

18.     Plaintiff brings this action on behalf of herself and all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

> All persons within the United States who received any collection telephone calls from Defendant to said person's cellular telephone or telephone assigned to the Do-Not-Call List made through the use of any automatic telephone dialing system and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint

19.     Plaintiff represents, and is a member of, The Class, consisting of All persons within the United States who received any collection telephone calls from Defendants to said person's cellular telephone made through the use of any automatic telephone dialing system and such person had not previously not provided their cellular telephone number to Defendant within the four years prior to the filing of this Complaint.

20.     Defendants, their employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes the Class members number in the thousands, if not more.   Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

21.     The Class is so numerous that the individual joinder of all of its members is impractical.   While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes thousands of members.   Plaintiff alleges that The Class

1  members may be ascertained by the records maintained by Defendants.

2      22.    Plaintiff and members of The Class were harmed by the acts of

3  Defendants in at least the following ways: Defendants illegally contacted Plaintiff

4  and Class members via their cellular telephones thereby causing Plaintiff and Class

5  members to incur certain charges or reduced telephone time for which Plaintiff and

6  Class members had previously paid by having to retrieve or administer messages

7  left by Defendants during those illegal calls, and invading the privacy of said

8  Plaintiff and Class members.

9      23.    Common questions of fact and law exist as to all members of The

10  Class which predominate over any questions affecting only individual members of

11  The Class.  These common legal and factual questions, which do not vary between

12  Class members, and which may be determined without reference to the individual

13  circumstances of any Class members, include, but are not limited to, the following:

14              a.    Whether, within the four years prior to the filing of this

15                    Complaint, Defendants made any collection call (other than a

16                    call made for emergency purposes or made with the prior

17                    express consent of the called party) to a Class member using

18                    any automatic telephone dialing system to any telephone

19                    number assigned to a cellular telephone service;

20              b.    Whether Plaintiff and the Class members were damages

21                    thereby, and the extent of damages for such violation; and

22              c.    Whether Defendants should be enjoined from engaging in such

23                    conduct in the future.

24      24.    As a person that received numerous collection calls from Defendant

25  using an automatic telephone dialing system, without Plaintiff's prior express

26  consent, Plaintiff is asserting claims that are typical of The Class.

27      25.    Plaintiff will fairly and adequately protect the interests of the members

28  of The Class.  Plaintiff has retained attorneys experienced in the prosecution of

class actions.

26.     A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

27.     The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

28.     Defendants have acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the California Class as a whole.

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227 et seq.

29.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-28.

30.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

31.     As a result of Defendants' negligent violations of *47 U.S.C. § 227 et seq*., Plaintiff and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

32.     Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

(Against All Defendants)

33.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-32.

34.     The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq*.

35.     As a result of Defendants' knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff  and the Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

36.     Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

///
///
///
///
///
///

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

## **FIRST CAUSE OF ACTION**

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

- As a result of Defendants' negligent violations of *47 U.S.C. § 227(b)(1),* Plaintiff and the Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B).*
- Any and all other relief that the Court deems just and proper.

## **SECOND CAUSE OF ACTION**

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

- As a result of Defendants' willful and/or knowing violations of *47 U.S.C. § 227(b)(1)*, Plaintiff and the Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C).*
- Any and all other relief that the Court deems just and proper.

Respectfully Submitted this 18th Day of July, 2016.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By:   /s/ Todd M. Friedman
Todd M. Friedman
Law Offices of Todd M. Friedman
Attorney for Plaintiff